T. B. GATES, Appellant, *v.* G. V. N. ANDREWS AND OTHERS,
RESPONDENTS.

*Fraud—Discovery—Statute of Limitations—Co-partnership—Assignment by one
Co-partner.*

In actions for fraud the cause of action is perfect from the time of the com-
mission of the fraud, but the Statute of Limitations does not commence to run
until knowledge of the fraud is brought to the Plaintiff.

One partner cannot execute an assignment of partnership property for the
benefit of creditors without the consent of his co-partner.

*J. H. Reynolds* for Appellant.
*A. J. Parker* for Respondents.

GROVER, J.—But a few months elapsed after the recovery of
the judgment against Bridger & Bishop, and the return of the
execution issued thereon, before the commencement of this ac-
tion. It is clear that an action like the present cannot be main-
tained until after the return of an execution, in whole or part,
unsatisfied. It is insisted by the counsel for the Plaintiff that the
cause of action, within the meaning of the Statute of Limitations,
does not arise until the right to maintain the action is perfect.
Upon the part of the Defendants it is claimed that the cause of
action arises, and the statute commences running against an ex-
isting creditor, upon his discovery of the fraud by the debtor
against which redress is sought, although no judgment had been
recovered against the debtor. If the latter be the correct con-
struction of the statute, this action is barred by the statute, as more
than six years elapsed after the discovery by the creditors of the
fraud in the assignment of Bridger & Bishop, before the com-
mencement of the action. Section 74 of the Code provides that
civil actions can only be commenced within the periods pre-
scribed, &c., " after the cause of action shall have accrued, except
. . . a different limitation is prescribed by statute." The sixth
subdivision of section 90 provides that "An action for relief, on the
ground of fraud, in cases which heretofore were solely cognizable by

the Court of Chancery, the cause of action in such case not to be deemed to have accrued, until the discovery by the aggrieved party of the facts constituting the fraud."

It is argued by the counsel for the Respondents that the construction of the above clause is, that the action shall be deemed as accruing upon the discovery of the fraud by the party aggrieved thereby, whether his right of action is then perfect or not. I think this construction erroneous. The provision is not that the cause shall be deemed to arise upon such discovery, but, to prevent running of the statute, it shall not be deemed to have accrued before such discovery—thereby providing for a class of cases where the right of action was perfect, but became barred by the statute before the discovery of the facts upon which such right depended.

The statute had not therefore become a bar to the action in this case.

It is further insisted by the Respondents, that the Plaintiff was not duly appointed a receiver, for the reason that the process in the action in which the judgment was recovered was not served upon Bishop. It is a sufficient answer to this position that no such question was made upon the trial of the action at Special Term.

No ruling was there made, nor any exceptions taken to a refusal to make a ruling, upon this point. The provision authorizing the assignees to sell real estate, assigned upon credit, found in the assignment of Bridger & Bishop of the 4th August, 1849, rendered the assignment fraudulent as against their existing creditors (Nicholson *v.* Leavitt, 6 N. Y. 510). The leasehold interest was not estate, within the meaning of the assignment. The inquiry then arises, whether this assignment, being void as to creditors, is made valid by the subsequent assignment made November 15th, 1855, to the two surviving assignees named in the former.

The authority to sell upon credit is not found in the last assignment, nor is it claimed by the Plaintiff that that has been in any way shown to be fraudulent as to creditors. But it is claimed that the first assignment, although fraudulent as to creditors,

12

was valid between the parties, and, as to them, transferred all the title of the assignors to the assignees therein named, and, consequently, the latter must rely upon the title thus acquired, as nothing passed to them under the last assignment, there being no interest in the property remaining in the assignors, except their right to the surplus remaining after the satisfaction of all the debts.

As an original question I should regard this position correct. In Porter *v.* Williams (5 Selden, 142), the Judge, in giving the opinion of the Court, says : " It is believed that the assignor had divested himself of all control over the property by the assignment of the 5th of January, and that he could neither revoke nor alter it." This reasoning appears to me to be sound. But the point was not necessarily involved in the case, as the title of the Plaintiff had attached at the time of the second assignment. The point was decided in favor of the right of the assignee to make valid the first by a second assignment in Merrill *v.* Englesby (28 Vermont, 150), and Ingraham *v.* Wheeler (6 Conn. 277). It is not necessary to pass upon this point in the present case, as the judgment must be reversed upon the point next considered : That is, whether, from the finding of facts by the Judge at Special Term, the last assignment was made by Bridger & Bishop, or by Bridger only ; and in the latter event, whether he had power to make it. The finding of the referee upon this point is, that on the 15th of November, 1855, another assignment was made by Bridger & Bishop to said assignees, a copy of which forms a part of this roll. A copy is attached to the roll, from which it appears to have been executed by Bridger for both. There is no finding as to whether Bridger had any authority from Bishop to execute this assignment for him. No fact can be presumed for the purpose of reversing a judgment, but every fact as to which there is no finding will be presumed which is necessary to sustain it. From the finding, as a whole, all that is found is, that Bridger executed the assignment for both, and it must be presumed, in support of the judgment, that he did this without authority from Bishop. In Welles *v.* March (30 N. Y. 344) it was held by this Court, that one

Opinion by GROVER, J.

partner was not authorized to execute an assignment of the property of the firm, in the firm name, for the benefit of creditors, without consent of his copartner; that such an assignment was void as to the creditors of the firm. If a partner cannot execute an assignment of the assets of the firm, clearly a joint debtor cannot of the joint property.

It would follow that the assignment executed by Bridger, in 1855, was not valid, and therefore could not give validity to the execution by both in 1849. The order reversing the judgment, and directing a new trial, should be reversed, and the judgment rendered at Special Term affirmed.

All reverse.